**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIGI GIROTTO, | : |
| Plaintiff, | : Civil Action No. 1:22-cv-04085-JGK |
| v. | : |
| USAPE LLC and 39 TAPIR LLC, | : |
| Defendants. | : |

**DEFENDANT TAPIR LLC's MEMORANDUM**
**OF LAW IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................ 1

LEGAL STANDARD ........................................................................................................................ 3

ARGUMENT ..................................................................................................................................... 4

    I.    Plaintiff Never Served Tapir. ............................................................................................... 4

    II.   Plaintiff's Claims Are Barred by *Res Judicata*; the Same Claims, Involving the Same Parties and the Same Operative Facts, Were Already Resolved on the Merits in the Prior Action. ................................................................................................................................. 5

CONCLUSION .................................................................................................................................. 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arrowsmith v. United Press Int'l*,
   320 F.2d 219 (2d Cir. 1963)..................................................................................................4

*Dickerson v. Chertoff*,
   06 CIV. 7615 (RLC), 2008 WL 5329312 (S.D.N.Y. Dec. 17, 2008) *aff'd sub
   nom. Dickerson v. Napolitano*, 604 F.3d 732 (2d Cir. 2010) ......................................................3

*Feingold v. Hankin*,
   269 F. Supp. 2d 268 (S.D.N.Y. 2003).....................................................................................3

*Gaind v. Pierot*,
   282 F. App'x 946 (2d Cir. 2008)............................................................................................3

*Girotto v. USAPE LLC, et al.*,
   Case No. 1:21-CV-10097........................................................................................................5

*Harry v. Rodriguez*,
   337 F. App'x 17 (2d Cir. 2009).........................................................................................3, 5

*Link v. Wabash R. Co.*,
   370 U.S. 626 (1962)........................................................................................................3, 5, 6

*Mende v. Milestone Tech., Inc.*,
   269 F. Supp. 2d 246 (S.D.N.Y. 2003).....................................................................................4

*Midwest Disability Initiative v. JANS Enters., Inc.*,
   929 F.3d 603 (8th Cir. 2019) ..................................................................................................6

*Myers v. City of New York*,
   No. 13 CIV. 1006 (PGG), 2014 WL 12935844 (S.D.N.Y. Sept. 29, 2014) .............................4

*Pani v. Empire Blue Cross Blue Shield*,
   152 F.3d 67 (2d Cir.1998).......................................................................................................5

*Pike v. Freeman*,
   266 F.3d 78 (2d Cir. 2001).................................................................................................3, 5

*Sassower v. Abrahams*,
   833 F.Supp. 253 (S.D.N.Y.1993) ...........................................................................................5

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
   531 U.S. 497 (2001)............................................................................................................5, 6

*Shukla v. Viacom Inc.*,
 No. 18 CIV. 3522 (PAE), 2019 WL 1932568 (S.D.N.Y. May 1, 2019) ................................... 4

**Statutes**

Americans with Disabilities Act Title III .............................................................................. 1, 6

State Human Rights Law ............................................................................................................ 1

**Other Authorities**

Fed. R. Civ. P. 4(c)(1) .................................................................................................................. 3

Fed. R. Civ. P. 4(m) ............................................................................................................ 1, 3, 4

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 3, 4, 5

Fed. R. Civ. P. 41(b) ........................................................................................................... 1, 3, 5

**PRELIMINARY STATEMENT**

Plaintiff Luigi Girotto's ("Plaintiff") Amended Complaint alleges violations of Title III of the Americans with Disabilities Act ("ADA") and provisions of the New York State Human Rights Law relating to physical access to a store in New York. Plaintiff previously sued the same defendants on November 26, 2021, alleging the same claims.[1] That case was dismissed with prejudice for failure to prosecute on April 6, 2022. Undeterred, Plaintiff filed his case again on May 18, 2022. To this day, Plaintiff has not served Defendant 39 Tapir LLC ("Tapir"). Tapir now moves, pursuant to this Court's November 16, 2022, Order (Dkt. # 21) to dismiss under both Federal Rule of Civil Procedure 12(b)(6) because the prior action was dismissed under Rule 41(b) and is barred by *res judicata* and Federal Rule of Civil Procedure 4(m) because Plaintiff failed to serve Tapir.

**STATEMENT OF FACTS**

On November 26, 2021, Plaintiff filed a complaint claiming violations of Title III of the Americans with Disabilities Act ("ADA") and provisions of the New York State Human Rights Law in connection with physical access to defendant USAPE LLC's store in New York. That case, no. 1:21-CV-10097 (the "Prior Action") was assigned to the Honorable Vernon S. Broderick. On April 6, 2022, Judge Broderick dismissed the Prior Action for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See id*, Dkt. #12.[2] Judge Broderick's dismissal under Rule 41(b) did not state that it was without prejudice. *See id*.

---

[1] This motion to dismiss is filed on behalf of Defendant Tapir, which owns the building that its co-defendant, USAPE LLC rents and uses as a store.

[2] Relevant docket entries from both the Prior Action and the current action are attached to the Kenny Declaration filed herewith.

On May 18, 2022, approximately six weeks after Judge Broderick dismissed the Prior Action, Plaintiff filed his complaint in this case. The new complaint includes the exact same allegations and claims as those dismissed by Judge Broderick in the Prior Action.[3] On August 4, 2022, this Court entered an Order specifically reminding Plaintiff 'that the summons and complaint must be served on the defendants within 90 days of the date the complaint was filed." *See* Dkt. #7. August 16, 2022, marked 90 days since Plaintiff filed his initial complaint in this action. Plaintiff never contacted Tapir or its counsel to request that either accept service. Kenny Decl., ¶ 7. Plaintiff never served Tapir. *Id.*, ¶ 8.

Plaintiff filed an Amended Complaint in this action on November 4, 2022. *See* Dkt. #19. The Amended Complaint included minor revisions to the original complaint, but the claims and allegations remain the same. *See id*, ¶ 4 (adding addresses for Plaintiff's alleged residence and place of business); *see also id*., ¶ 14 (adding alleged date(s) of Plaintiff's visit to subject property, the first of which predates the commencement of Plaintiff's Prior Action, noting Plaintiff's intent to again visit the property, and specifying the property's 2.4-mile distance from Plaintiff's place of business).

On November 16, 2022, this Court granted Tapir's request to file this motion to dismiss without a pre-motion conference. *See* Dkt. #21.

---

[3] Plaintiff filed an Amended Complaint on November 4, 2022 (Dkt. #19), which included minor revisions to the original Complaint, but the claims remain the same and are still based on the same operative facts.

2

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 4(c)(1), a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)," which is no later than 90 days after the filing of the Complaint. Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

"The plaintiff bears the burden of proof in showing that it had good cause in not timely serving the defendant." *Dickerson v. Chertoff*, 06 CIV. 7615 (RLC), 2008 WL 5329312, at *1 (S.D.N.Y. Dec. 17, 2008) *aff'd sub nom. Dickerson v. Napolitano*, 604 F.3d 732 (2d Cir. 2010). "Good cause, or 'excusable neglect,' is evidenced only in exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control. An attorney's ignorance of the rules, inadvertence, neglect, or mistake do not constitute good cause." *Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003) (citations omitted).

A claim dismissed pursuant to Federal Rule of Civil Procedure 41(b), unless the dismissal order states otherwise, "operates as an adjudication on the merits." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). When a claim is resolved on the merits, as is the case with a 41(b) dismissal, *res judicata* prevents a litigant from bringing new claims involving the same parties and the same nucleus of operative facts as the prior one. *See Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001); *see also Harry v. Rodriguez*, 337 F. App'x 17, 18 (2d Cir. 2009) (applying *res judicata* to claims previously dismissed under Rule 41(b) and upholding Rule 12(b)(6) motion to dismiss); *Gaind v. Pierot*, 282 F. App'x 946 (2d Cir. 2008) (same).

## ARGUMENT

This Court should dismiss Plaintiff's Amended Complaint because Plaintiff failed to serve Tapir and because Plaintiff's claims are barred by *res judicata*.

### I.    Plaintiff Never Served Tapir.

Service under Rule 4(m) is a preliminary issue that must be addressed before considering a companion Rule 12(b)(6) motion. *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("Before addressing Defendants' Rule 12(b)(6) motion to dismiss, the Court must first address the preliminary questions of service and personal jurisdiction."). When a plaintiff fails to properly serve a defendant within the time limits imposed by Rule 4(m), the claims are properly dismissed without prejudice. *See Shukla v. Viacom Inc.*, No. 18 CIV. 3522 (PAE), 2019 WL 1932568, at *12 (S.D.N.Y. May 1, 2019) (dismissing unserved defendants from action under Rule 4(m)); *Myers v. City of New York*, No. 13 CIV. 1006 (PGG), 2014 WL 12935844, at *5 (S.D.N.Y. Sept. 29, 2014) (dismissing claims against defendant where plaintiffs made no effort to effect service and offered no reasonable explanation for their delay).

Despite this Court's specific reminder in its August 4, 2022, Order, Plaintiff never served Tapir. Kenny Decl., ¶ 8. Plaintiff's opportunity to properly serve Tapir closed on August 16, 2022 – 90 days after Plaintiff filed his complaint in this action. Plaintiff has not shown good cause for his failure to serve Tapir. Pursuant to Rule 4(m), this Court "must dismiss the action without prejudice against [Tapir] or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see also Shukla*, 2019 WL 1932568, at *12. Plaintiff's Amended Complaint should be dismissed.

II. **Plaintiff's Claims Are Barred by *Res Judicata*; the Same Claims, Involving the Same Parties and the Same Operative Facts, Were Already Resolved on the Merits in the Prior Action.**

Unless the dismissal order states otherwise, a dismissal under Rule 41(b) "operates as an adjudication on the merits." *Link*, 370 U.S. at 630.  Once a claim is resolved on the merits, *res judicata* prevents a litigant from bringing new claims involving the same parties and the same nucleus of operative facts as the prior one.  *See Pike*, 266 F.3d at 91. "[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the United States District Court" that issued the dismissal order. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001); *see also Harry v. Rodriguez*, 337 F. App'x at 18 (applying *res judicata* to 41(b) dismissal).  Furthermore, *res judicata* may be properly raised in a motion to dismiss under Rule 12(b)(6). *See Sassower v. Abrahams*, 833 F.Supp. 253, 264 (S.D.N.Y.1993) ("[T]he defense of res judicata or collateral estoppel may be brought, under appropriate circumstances, either via a motion to dismiss or a motion for summary judgment"). This Court may also properly consider Judge Broderick's dismissal of the Prior Action in deciding Tapir's present motion to dismiss. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.1998) ("[I]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6).")

Here, Plaintiff filed a complaint on November 26, 2021, thus commencing the Prior Action (titled *Girotto v. USAPE LLC, et al.*, Case No. 1:21-CV-10097). Plaintiff failed to prosecute those claims, and, because of his failure, Judge Broderick dismissed the Prior Action for failure to prosecute under Rule 41(b). *See id*, Dkt. #12.  The Order dismissing the Prior Action did not include any language specifying that it was ***without*** prejudice (*see id*.) and, as is

5

well settled, unless the dismissal order states otherwise, a dismissal pursuant to 41(b) operates as a resolution on the merits. *See Link*, 370 U.S. at 630; *Semtek*, 531 U.S. at 506.

The slight factual revisions in Plaintiff's Amended Complaint do not save Plaintiff's new action. *See Midwest Disability Initiative v. JANS Enters., Inc.*, 929 F.3d 603, 610 (8th Cir. 2019) (precluding second action brought under Title III of the ADA because it was based on the same alleged architectural barriers as the first action which had been dismissed and finding the claims "closely related in time, space, and origin and, as such, are part of the same series of connected transactions.")[4]

Because the Amended Complaint involves the same operative facts as those alleged in the Prior Action, the parties are identical, and the Prior Action was resolved on the merits, Plaintiff's current Amended Complaint is barred by *res judicata*. This Court should grant Defendant's motion to dismiss and dismiss Plaintiff's claims with prejudice.

## CONCLUSION

For the reasons set forth above, Tapir respectfully requests an order dismissing the Amended Complaint with prejudice in its entirety and awarding other relief as this Court deems just and proper.

---

[4] While Tapir maintains that federal preclusion rules apply in this instance, this Court does not need to reach the issue. *See Semtek*, 531 U.S. at 506 (finding a dismissal barred refiling the same claim in the same court that issued the dismissal order).

Dated: New York, New York
November 18, 2022

Respectfully submitted,

**WIGGIN AND DANA LLP**

By: */s/ Michael L. Kenny Jr.*
Michael L. Kenny Jr.
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 551-2600
mkenny@wiggin.com

*Counsel for Defendant
39 Tapir LLC*

## WORD COUNT CERTIFICATION

I hereby certify pursuant to the Individual Practices of Judge John G. Koetl Part II.D. that the total number of words in this brief, inclusive of point headings and footnotes and exclusive of pages containing the cover page, table of contents, table of authorities, and this Certification is 1,763.

<i><u>/s/ Michael L. Kenny Jr.</u></i><br>
Michael L. Kenny Jr.